UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORYA RESEARCH AND PRODUCTION ENTERPRISES,<br><br>    Plaintiff(s)<br><br>        v.<br><br>THE RUSSIAN FEDERATION,<br><br>    Defendant(s) | NO. 2:25-CV-01615-DJC-SCR<br><br>**STANDING ORDER IN CIVIL CASES** |

**I.  LAW AND MOTION**

    **A.  Calendar**

The civil law and motion calendar for District Judge Daniel J. Calabretta is held on designated Thursdays commencing at 1:30 PM. All motions shall be noticed for hearing on Judge Calabretta's civil law and motion calendar. Hearing dates are not reserved; however, counsel shall contact Gabriel Michel, Courtroom Deputy for Judge Calabretta, via email (gmichel@caed.uscourts.gov), to obtain available hearing dates. Oral argument on all motions shall be conducted in person in Courtroom 7. Joint requests for remote appearance must be made at least one week in advance of the hearing and are generally disfavored. The parties shall indicate in their papers whether they wish to submit any motion for decision without oral argument. The Court may elect to submit any motion for decision without oral argument, taking the matter under submission pursuant to

/////

Local Rule 230(g), and will so advise the parties via minute order in advance of the noticed hearing date. The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements with respect to motions.

### B. **Briefing**

All briefs must be submitted using a font of 12 pt size. Footnotes must be no more than two sizes smaller than the text size. Parties are encouraged to use a sans serif font such as Arial or Helvetica for ease of electronic reading.

All moving and opposition briefs or legal memoranda in civil cases shall not exceed twenty-five pages without prior leave of court. Reply briefs filed by moving parties shall not exceed fifteen pages. The Court will grant an application to extend these page limitations only after good cause shown. Pages that exceed the page limitations without leave of court will not be considered. Finally, no supplemental briefs or sur-replies shall be filed and will not be considered without prior leave of court.

Multi-page exhibits shall be internally paginated, with the pagination for each exhibit beginning with the number 1; references to those exhibits shall refer to the exhibit designation and page number (i.e., Ex. A at 7, etc.).

### C. **Meet and Confer Requirements**

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the Court. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a very brief summary of meet and confer efforts. Failure to comply with this requirement will result in the motion being summarily denied without prejudice.**

### D. **Motions for Summary Judgment**

Upon filing a motion for summary judgment, the parties shall carefully read Local Rule 260.

Prior to filing a Motion for Summary Judgment, the moving party should meet and confer with the non-moving party to determine whether there are undisputed facts to which the parties can stipulate. Any such facts should be filed with the Motion as a Joint Statement of Undisputed Facts. The moving party shall also include a Separate Statement of Undisputed Facts with their motion for any facts that the moving party believes to be undisputed but for for which stipulation was not possible. The nonmoving party shall reproduce and respond to the moving party's Statement of Undisputed Facts. The nonmoving party may also file a concise Statement of Disputed Facts. The moving party shall reproduce and respond to the nonmoving party's Statement of Disputed Facts, but the moving party may not file a reply to the nonmoving party's response to the Statement of Undisputed Facts.

At least twenty-eight (28) days before the dispositive motions filing deadline, the parties must meet and confer to determine whether they intend to file cross motions for summary judgment. If the parties do intend to file cross motions, the plaintiff must file the opening brief for summary judgment at least fourteen (14) days before the dispositive motions deadline. The plaintiff's concurrently-filed notice of motion shall indicate the parties' intention to file cross motions and shall notice a hearing date at least forty-two (42) days from the date of filing. Only four briefs in support of cross motions for summary judgment shall be filed as follows:

(1) Plaintiff's opening brief (25 pages maximum), along with any other documents required or permitted under Local Rule 260, shall be filed at least fourteen (14) days before the dispositive motions filing deadline;

(2) Defendant's opposition and cross motion for summary judgment (35 pages maximum) shall be filed no later than fourteen (14) days after the motion was filed;

(3) Plaintiff's reply and opposition (20 pages maximum) shall be filed no later than fourteen (14) days after Defendant's opposition and cross motion were filed; and

(4) Defendant's reply (10 pages maximum) shall be filed no later than ten (10) days after Plaintiff's reply and opposition were filed.

1      These are the only four briefs that may be filed in cross motions for summary judgment, even
2  if the parties move for summary judgment on more than one complaint (e.g., motions on a complaint
3  and a counterclaim). The parties must obtain permission from the Court to exceed the stated page
4  limitations. If the parties page limitations. If the parties do not comply with this procedure and
5  schedule for filing cross motions for summary judgment, but nonetheless file cross motions, the
6  Court will deny both motions without prejudice.

7      **E.     Proposed Orders**

8      The parties are not required to submit proposed orders with civil motions set for hearing
9  before Judge Calabretta, with the exception that proposed orders shall be submitted with motions
10 for a temporary restraining order and motions for a preliminary injunction. In addition, parties shall
11 provide proposed consent decrees where applicable, and proposed findings of fact and conclusions
12 of law following a bench trial. Any such required proposed order shall be submitted in compliance
13 with Local Rule 137(b) and e-mailed in Microsoft Word format to DJCorders@caed.uscourts.gov.

14 **II.     EX PARTE APPLICATIONS**

15     Ex parte applications typically are not heard but are submitted by the Court unless otherwise
16 notified. The filer is required to contact the courtroom deputy and the opposing party prior to the
17 filing of the ex parte application in order to advise that such a request is being made. In addition,
18 the document(s) must indicate whether an opposition will be filed. The filer shall include an affidavit
19 indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order,
20 (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel
21 or parties in the action, and (3) why such request cannot be noticed on the Court's civil law and
22 motion calendar as provided by Local Rule 230.

23 **III.    SEALING, REDACTED, AND PROTECTIVE ORDERS**

24     No document will be sealed, nor shall a redacted document be filed, without the prior approval
25 of the Court, unless such redaction is required by Local Rule 140. If a document for which sealing
26 or redaction is sought relates to the record on a motion to be decided by Judge Calabretta, the
27 request to seal or redact should be directed to him and not the assigned Magistrate Judge. All
28 requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction).

A.  **Requests for Sealing**

All requests for sealing must comply with the requirements of Local Rule 141 and Federal Rules of Civil Procedure. Additionally, the moving party must clearly state in their motion whether or not the request is opposed by another party. If the request is opposed or the moving party does not state that the motion to seal is unopposed, all other parties must submit either an opposition or notice of non-opposition within three days of the date of service of the Notice of Request to Seal Documents. *See* Local Rule 141(c).

Pursuant to Local Rule 141, a Notice of Request to Seal Document(s) must be filed electronically. The Request to Seal, a proposed sealing order (in Word), and all documents covered by the request must be emailed to DJCorders@caed.uscourts.gov. If the request is approved and notice of electronic filing of the sealing order is received, all documents covered by the order must be emailed to ApprovedSealed@caed.uscourts.gov for filing under seal.

B.  **Protective Orders**

**Protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.** If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing or redacting, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

IV. **APPLICATIONS OR STIPULATIONS TO EXTEND THE TIME TO FILE ANY REQUIRED DOCUMENT OR TO CONTINUE ANY PRETRIAL OR TRIAL DATE**

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must be filed well in advance of the date due and set forth:

(1) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

/////

     (2)    specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations with specificity; and

     (3)    whether there have been prior requests for extensions, and whether these were granted or denied by the court.

Stipulations that have the effect of continuing dispositive motion dates or the trial date are disfavored.

## V.  TRIAL

### A.  Pretrial Statements and Final Pretrial Conference

The parties are required to submit a <u>Joint</u> Pretrial Statement pursuant to Local Rule 281. The parties' Joint Pretrial Statement must be filed seven (7) days before the date set for the Final Pretrial Conference and must also be emailed as a Word document to: DJCorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel.**

The Joint Pretrial Statement must cover all topics detailed in Local Rule 281 with the following clarifications:

     (1)    the parties must include a neutral joint statement of case;

     (2)    all duplicative or overlapping exhibits between parties must be listed as joint exhibits on a separate joint exhibit list, identified as JX-1, JX-2, etc.;

     (3)    plaintiff's exhibits shall be listed numerically, and defendant's exhibits shall be listed alphabetically;

     (4)    all exhibits must be identified with a reasonable amount of detail (e.g., date, Bates-stamp number, description, estimated page length) so that there is no confusion as to what exhibit is identified;

     (5)    all remaining issues (e.g., claims, affirmative defenses, forms of relief) asserted in the action must be stated under the points of law section or identified as an abandoned issue;

/////

(6) motions in limine listed should be limited to those which the parties reasonably anticipate filing; and

(7) the anticipated length of trial.

The parties shall not file motions in limine prior to the pretrial conference. Following the pretrial conference, the Court will issue a pretrial order that will set dates for the filing of motions in limine, the submission of exhibits, and other trial-related documents/deadlines.

## VI. NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties. Before taking any action in case, all parties are encouraged to check Judge Calabretta's page on the website for the Eastern District of California for the most up-to-date version of these rules.

DATED: June 11, 2025

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE