David P. Riesenberg, Esq. (*Pro Hac Vice*)
driesenberg@pinna-goldberg.com
Dilmurod Satvaldiev, Esq. (*Pro Hac Vice*)
dsatvaldiev@pinna-goldberg.com
PINNA GOLDBERG U.S. PLLC
10 G Street NE, Suite 600
Washington, D.C., 20002, U.S.A.
Tel: (202) 549-2477

Rodney S. Diggs, Esq. (SBN 274459)
rdiggs@imwlaw.com
Marina Samson, Esq. (SBN 315024)
msamson@imwlaw.com
Ivie McNeill Wyatt Purcell & Diggs
A Professional Law Corporation
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel.:  (213) 489-0028/Fax:  (213) 489-0552

Attorneys for Defendant,
**THE RUSSIAN FEDERATION**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORYA RESEARCH AND PRODUCTION ENTERPRISES,<br><br>*Plaintiff*,<br><br>v.<br><br>THE RUSSIAN FEDERATION; and DOES 1-20, inclusive,<br><br>*Defendant* | Case No. 2:25-CV-0615-DJC-SCR [Hon. Daniel J. Calabretta, United States District Judge; Hon. Sean C. Riordan, United States Magistrate Judge]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b) OR TO TRANSFER VENUE UNDER 28 U.S.C. § 1406(a)**<br><br>Date:          July 24, 2025<br>Time:          1:30 p.m.<br>Location:    Courtroom 7 |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on July 24, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 7 of the 501 I Street Sacramento, CA  95814, before and in the Courtroom of the Honorable Daniel J. Calabretta, Defendant The Russian Federation ("Defendant") respectfully will and hereby does moves to dismiss this action on the ground that this District is an improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), or, in the alternative, to transfer venue from the Eastern District of California to the District of Columbia in accordance with 28 U.S.C. § 1406(a).

Venue in this District is improper because <u>no</u> substantial part of the events or omissions giving rise to the claim occurred, and <u>no</u> substantial part of property that is the subject of the action is situated in this District; and this action could have been brought <u>exclusively</u> in the District of Columbia.  Moreover, Plaintiff Zorya Research and Production Enterprises ("Zorya" or "Plaintiff") also has no connection to California.  Defendants therefore respectfully request this Court to dismiss or transfer this action to the District of Columbia.  Fed. Rule Civ. Proc. 12(b)(3); 28 U.S.C. § 1406(a).

Finally, pursuant to Rule 12(h)(2) and Rule 12(h)(3) of the Federal Rules of Civil Procedure, Defendant hereby expressly preserves all remaining legal and factual defenses relating to the merits and jurisdiction based upon Defendant's sovereign immunities under international law and the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1602-1611, without limitation.

Respectfully, all such defenses may ultimately be raised in due course in a pleading under Rule 7 of the Federal Rules of Civil Procedure or in any motion under

1  Rules 12(b)(1), 12(b)(6), or Rule 12(c), or pursuant to any other available procedure
2  authorized by law.
3      This Motion is based on this Notice of Motion and Motion, the Memorandum
4  of Points and Authorities, the pleadings, Declaration of Rodney S. Diggs, records,
5  and papers on file in this action, and such further evidence and argument as may
6  be presented to the Court at the time of the hearing on this matter.
7
8  Dated:  June 17, 2025          **PINNA GOLDBERG U.S. PLLC**
9
10                     By:  */s/ David P. Riesenberg*
                            David P. Riesenberg, Esq.
11                           Dilmurod Satvaldiev, Esq.
                            Attorneys for Defendant,
12                           **THE RUSSIAN FEDERATION**
13
14 Dated:  June 17, 2025          **IVIE McNEILL WYATT**
                               **PURCELL & DIGGS**
15
16                     By:  */s/ Rodney S. Diggs*
                            Rodney S. Diggs, Esq.
17                           Marina Samson, Esq.
                            Attorneys for Defendant,
18                           **THE RUSSIAN FEDERATION**
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION TO DISMISS OR TRANSFER VENUE

### INTRODUCTION

Respectfully, the present case should be dismissed for improper venue because <u>no</u> substantial part of the events or omissions giving rise to the claim occurred, and <u>no</u> substantial part of property that is the subject of the action is situated in this District; and this action could have been brought <u>exclusively</u> in the District of Columbia.  As detailed below in **Part I**, all the relevant events allegedly took place—and all the relevant property is allegedly located—in either Rubizhne or Zaporizhzhia, between 200 and 400 miles north of the Black Sea. Compl. ¶¶ 1-9 (ECF 1-1).  The present venue cannot satisfy § 1391(f) and, therefore, this lawsuit must be dismissed.

In the alternative, as described below in **Part II**, the present litigation must be transferred under 28 U.S.C. § 1406(a) to the U.S. District Court for the District of Columbia.  This is because: **(1)** Defendant is a "foreign state," as defined under 28 U.S.C. § 1603(a) and **(2)** Congress has designated the District of Columbia as the "dedicated venue for actions <u>against foreign states</u>" under § 1391(f)(4). *See, e.g.*, *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 332 (D.C. Cir. 2003) (emphasis added, citation omitted).

Finally, as stated below in **Part III**, Defendant hereby reserves all rights, privileges, and defenses, including—without limitation—all legal and factual arguments as to jurisdiction or the merits based upon Defendant's immunities as a foreign sovereign state under international law and the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1602-1611.

Defendant further hereby reserves all rights to raise such defenses in due course, whether in a pleading filed under Federal Rule of Civil Procedure 7(a), by

1 motion under Federal Rule of Civil Procedure 12, or in accordance with any other
2 available procedure.

3 ## ARGUMENT

4 ## I.   THIS VENUE IS IMPROPER UNDER 28 U.S.C. § 1391(F)

5      To determine whether venue is proper in litigation against a foreign sovereign
6 defendant, this Court must analyze the four subsections governing venue under
7 28 U.S.C. § 1391(f).  *See, e.g.*, *Devas Multimedia Priv. Ltd. v. Antrix Corp. Ltd.*, 91
8 F.4th 1340, 1345 (9th Cir. 2024) (describing § 1391(f) as the "venue provision" for
9 cases against "foreign states").  In the Complaint, Plaintiff asserted that "venue is
10 proper" in California because Defendant supposedly "continues to engage in
11 commercial activity in the United States, in California, and within the County of
12 Sacramento."  Compl. ¶ 3.

13      Plaintiff's reliance on the general venue statute is inappropriate
14 because § 1391(f) governs in this action against a foreign state.  Moreover,
15 Plaintiff's assertion is not factually correct and, in any event, is legally irrelevant to
16 any of the four subsections governing venue under § 1391(f).  The individual reasons
17 why are explained below.

18      *First*, venue is not proper under § 1391(f)(1).  This provision is satisfied only
19 where litigation is commenced in the same "judicial district" where either **(i)** a
20 "substantial part of the events or omissions giving rise to the claim occurred" or else
21 **(ii)** a "substantial part of property that is the subject of the action is situated."  In the
22 present case, by contrast, all the relevant events took place—and all the relevant
23 property is alleged to be physically located—in either Rubizhne or Zaporizhzhia.
24 *See* Compl. ¶¶ 1-9.  Both these places are more than 6,000 miles away from the
25 Eastern District of California and, accordingly, venue cannot be established here
26 under § 1391(f)(1).

27

28

***Second***, venue is not proper under § 1391(f)(2).  This provision applies only to admiralty cases involving a "vessel or cargo" under 28 U.S.C. § 1605(b).  The Complaint, however, does not refer to any such "vessel or cargo," does not cite to any provisions of admiralty law, and explicitly invokes the jurisdictional provisions under § 1605(a), rather than § 1605(b).  *Id.* ¶ 21.  In other words, this is not an admiralty case and § 1391(f)(2) is not relevant.

***Third***, venue is not proper under § 1391(f)(3).  This provision applies only to claims against "an agency or instrumentality of a foreign state," as this phrase is defined under 28 U.S.C. § 1603(b).  Defendant, however, is a "foreign state <u>itself</u>" under 28 U.S.C. § 1603(a), and is not an "agency or instrumentality of a foreign state" under § 1603(b).[1]  Accordingly, § 1391(f)(3) does not apply here and cannot establish venue in this case.

***Fourth***, because none of the first three venue provisions is satisfied, the exclusive permissible venue under § 1391(f)(4) is "the United States District Court for the District of Columbia."

Despite this straightforward analysis, however, Plaintiff chose not to commence litigation in the District of Columbia—placing an altogether unnecessary burden on this Court.

In such instances, where none of the four subsections has been satisfied under § 1391(f), courts have frequently dismissed cases for improper venue.  *See, e.g.*, *Rodriguez v. Imperial Brands PLC*, No. 1:20-cv-23287, 2023 U.S. Dist. LEXIS

---

[1] *See, e.g., Alperin v. Vatican Bank*, 360 F. App'x 847, 850-51 (9th Cir. 2009) (distinguishing between "the foreign state itself" and "an agency or instrumentality" thereof based upon the analysis of *Garb v. Republic of Poland*, 440 F.3d 579 (2d Cir. 2006)); *Agudas Chasidei Chabad of the United States v. Russian Fed'n*, 110 F.4th 242, 246-52 (D.C. Cir. 2024) (analyzing the Russian Federation under the test applicable to "'a foreign state itself'" (quoting *Simon v. Republic of Hung.*, 812 F.3d 127, 146 (D.C. Cir. 2016))).

56936, at *8 (S.D. Fla. Mar. 31, 2023) (dismissing the case for improper venue under § 1391(f));  *Portman v. Andrews*, No. 05 C 3654, 2006 U.S. Dist. LEXIS 25060, at *9 (N.D. Ill. Apr. 17, 2006) (dismissing the case for improper venue under § 1391(f)).

On the same basis, the present case should also be dismissed under Federal Rule of Civil Procedure 12(b)(3).  Further, the suit is brought against the Defendant as the only party in interest. And where venue is lacking, the appropriate remedy for the court is to either dismiss the case or, in the interest of justice, transfer it to an appropriate venue.  *See Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 610 (S.D.N.Y. 2016) (dismissing plaintiffs' claims due to improper venue under § 1391(f));  Cummings v. Islamic Republic of Iran, No. 19-CV-05254-DMR, 2019 WL 7313589, at *2 (N.D. Cal. Dec. 30, 2019) (transferring case to D.D.C. due to improper venue under § 1391(f)).

To wit, under Section 1391(f)(4), venue in this action lies only in the District Court for the District of Columbia, the "dedicated venue for actions against foreign states." Bettis v. Islamic Republic of Iran, 315 F.3d 325, 332 (D.C. Cir. 2003).

## II.    IN THE ALTERNATIVE, VENUE MUST BE TRANSFERRED

In the alternative, this case must be transferred under § 1406(a) to the U.S. District Court for the District of Columbia, which is the only venue where this case could have been properly filed at the outset.  In this regard, it is well established that the District of Columbia is "the dedicated venue for actions against foreign states." *Bettis*, 315 F.3d at 332 (citation and internal quotation marks omitted).

Where no other proper venue exists under § 1391(f)(4) in cases against foreign sovereign defendants, therefore, the U.S. District Courts have routinely transferred such litigation to the District of Columbia under 28 U.S.C. § 1406(a), which enables

a district court to transfer an improperly filed case to an appropriate jurisdiction.[2]

Accordingly, if the present litigation is not dismissed under Rule 12(b)(3), then this case must necessarily be transferred under § 1406(a) to the District of Columbia.

## III.   OTHER GROUNDS FOR DISMISSAL AND RESERVATION OF RIGHTS

Finally, pursuant to Rule 12(h)(2) and Rule 12(h)(3) of the Federal Rules of Civil Procedure, Defendant hereby expressly preserves all remaining defenses relating to the merits and jurisdiction based upon, without limitation, Defendant's sovereign immunities under international law and the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1602-1611.

Such defenses may ultimately be raised in due course in a pleading under Rule 7 of the Federal Rules of Civil Procedure or in any motion under Rules 12(b)(1), 12(b)(6), or Rule 12(c), or pursuant to any other available procedure authorized by law. *See, e.g.*, Fed. R. Civ. P. 12(h)(2)-(h)(3) ("Failure to state a claim . . . may be raised: (A) in any pleading . . . ; (B) by a motion under Rule 12(c); or

---

[2] *See, e.g., Rodriguez v. Pan Am Health Org.*, 612 F. Supp. 3d 1372, 1385 (S.D. Fla. 2020) (finding that "transfer is warranted" where the first three subsections of § 1391(f) were not satisfied: "All that remains is the United States District Court for the District of Columbia. . . . This case belongs there."); Order, *Greentech Energy Systems A/S, et al. v. Italian Republic*, Case No. 19-cv-4398-LLS (S.D.N.Y. Nov. 8, 2019), ECF 23 (transferring venue to the District of Columbia in "a civil action against a foreign state, in which no party is a citizen or resident of the Untied Stats and no event or omission giving rise to the claim or any other aspect of the claim has any connection to New York"); *Segal v. Pemex*, No. 8:05-cv-2390-T-26MAP, 2009 U.S. Dist. LEXIS 137920, at *8 (M.D. Fla. Feb. 9, 2009) (transferring venue because "it is clear that this action could only have been brought in the District Court for the District of Columbia"); Order, *Agudas Chasidei Chabad v. Russian Federation*, No. 2:04-cv-09233-PA-PLA (C.D. Cal. July 14, 2005), ECF 56 (granting the motion to transfer where the venue was "not proper" in Los Angeles under § 1391(f) and "this action could have originally been brought in the District of Columbia").

---

(C) at trial. . . . If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss this action for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, transfer venue to the U.S. District Court for the District of Columbia under 28 U.S.C. § 1406(a).

Dated:  June 17, 2025                    **PINNA GOLDBERG U.S. PLLC**

By:  */s/ David P. Riesenberg*
David P. Riesenberg, Esq.
Dilmurod Satvaldiev, Esq.
Attorneys for Defendant,
**THE RUSSIAN FEDERATION**

Dated:  June 17, 2025                    **IVIE McNEILL WYATT PURCELL & DIGGS**

By: */s/ Rodney S. Diggs*
Rodney S. Diggs, Esq.
Marina Samson, Esq.
Attorneys for Defendant,
**THE RUSSIAN FEDERATION**